IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATHY ANN MANNING                                     PETITIONER

VS.                                 CIVIL ACTION NO. 3:17cv646-TSL-FKB

MISSISSIPPI DEPARTMENT
OF CORRECTIONS                                        RESPONDENT

## REPORT AND RECOMMENDATION

This is an action for a writ of federal habeas corpus pursuant to 28 U.S.C. § 2254 filed by Kathy Ann Manning. Presently before the Court is Respondent's motion to dismiss the petition for failure to exhaust state remedies. Manning has failed to respond to the motion.[1] Having considered the motion, the undersigned recommends that Respondent's motion be granted and that the petition be dismissed without prejudice.

In 2008, Manning was convicted of gratification of lust in the Circuit Court of Rankin County, Mississippi. She was sentenced to a term of 10 years, with 8 years suspended and with five years of supervised probation to commence upon her release from custody. In February of 2010, the court entered an order of partial revocation of her probation and ordered her to serve 39 days in the custody of the Mississippi Department of Corrections (MDOC) and to complete a 30-day treatment period for alcohol and drug abuse. A second order of partial revocation was entered in February of 2014 after Manning was indicted for attempting to furnish contraband to inmates. This order required her to serve a term of 18 months, to complete alcohol and drug treatment, and to return to supervised probation upon her release. In September of

---

[1] Subsequent to the filing of the motion to dismiss, Manning filed a letter. [9]. In the letter, Manning addresses other matters, not the motion to dismiss.

2015, following Manning's arrest for receipt of stolen property, the court entered an order revoking her probation, terminating the suspension of her sentence, and remanding her to remain in MDOC custody until her sentence had been fully satisfied. Thereafter, Manning filed a grievance through the prison Administrative Remedy Program (ARP), arguing that her sentence has been miscalculated. The request for relief was denied. According to Respondent, Manning did not file an appeal of the decision on her ARP, nor has she filed any motion for post-conviction relief concerning her sentence.

In her petition before this court, Manning argues that her sentence has been miscalculated, in that MDOC has failed to give her earned discharge credit for time served on probation.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claims set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner and the state court has been given a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Manning has not met the exhaustion requirement because she has not yet presented her claim to the Mississippi Supreme Court in a procedurally proper manner. For this reason, the undersigned recommends that Respondent's motion be granted and the petition be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of May, 2018.

    s/ F. Keith Ball
    United States Magistrate Judge